**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) BANCFIRST INSURANCE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| (1) AMTRUST NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, BancFirst Insurance Services, Inc. ("BancFirst Insurance"), for its Complaint against Defendant, AmTrust North America, Inc. ("Amtrust"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     BancFirst Insurance is a corporation organized under the laws of Oklahoma with its principal place of business in Oklahoma.

2.     Upon information and belief, AmTrust is a corporation organized under the laws of Delaware with its principal place of business in New York.

3.     The amount in controversy herein exceeds Seventy-Five Thousand Dollars ($75,000,000).

4.     Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to BancFirst Insurance's claims occurred in this District.

## GENERAL ALLEGATIONS

6.     BancFirst and AmTrust are parties to an Agency Company Agreement dated January 1, 2017 (the "Agency Agreement").

7.     The Agency Agreement details certain contractual rights and obligations with respect to the agency relationship between BancFirst Insurance and AmTrust by which BancFirst Insurance was appointed an agent of AmTrust and BancFirst Insurance presents its customers with certain insurance products offered by AmTrust and its affiliates.

8.     Beginning in approximately 2009, BancFirst Insurance began providing insurance procurement services to non-party Firstar Financial Corporation ("Firstar").

9.     Among other insurance needs, BancFirst Insurance assisted Firstar with obtaining and renewing a financial institution bond, which Firstar, as a financial institution, is required by law to maintain.

10.     Beginning in 2015, AmTrust affiliate Security National Insurance Company ("SNIC") became the insurance carrier for Firstar's Financial Institution Bond (the Amtrust Financial Institution Bond product for 2015-2023 is referred to generally as the "Bond" or "Financial Institution Bond").

11.     Firstar renewed the Financial Institution Bond each year through 2023, the relevant policy year at issue.

12.     AmTrust and an another affiliate, Technology Insurance Company, Inc. ("TIC") issued a separate "AmTrustCyber" insurance policy to Firstar, also providing coverage for certain events involving fraud or cyber crime for the year 2023 (the "Cyber Policy").

2

13.    In marketing materials provided to BancFirst Insurance by AmTrust regarding AmTrust's Financial Institution Bond product, AmTrust describes "comprehensive computer crime" coverage, which includes "wire transfer fraud."

14.    From approximately March 27 through April 21, 2023, Firstar was the apparent victim of a sophisticated criminal cyber scheme that resulted in five wire transfers being made from a Firstar customer's account to a foreign bank account without the Firstar customer's knowledge or consent, totaling $8.35 million dollars (the "Incident").

15.    Firstar subsequently reimbursed its customer's account for the funds transferred pursuant to the fraudulent transfer requests.

16.    Upon discovery of the Incident, on April 21, 2023, BancFirst Insurance assisted Firstar with submitting a notice of claim to AmTrust, seeking coverage for the losses under the Cyber Policy and the Bond.

17.    By letter dated August 24, 2023, AmTrust notified Firstar of its decision that the Incident was not covered by any provision of the Bond.

18.    By letter dated October 6, 2023, AmTrust provided Firstar with its coverage decision under the Cyber Policy.  AmTrust agreed to reimburse Firstar for certain expenses related to the Incident, but informed Firstar that AmTrust had determined the Incident did not constitute a "Liability Claim" under the Policy, and thus coverage was largely unavailable under the Cyber Policy.

19.    Accordingly, despite having two comprehensive insurance policies in place through AmTrust and its affiliates, Firstar was informed by AmTrust that Firstar's losses in

excess of $8.5 million arising from the criminal cyber Incident were almost entirely uninsured.

20.     On November 14, 2023, Firstar filed suit in Muskogee County, Oklahoma, Case No. CJ-23-362, asserting claims against AmTrust, SNIC, and TIC for breach of contract and breach of the duty of good faith and fair dealing (the "Bad Faith Litigation"). Firstar also asserted a claim against BancFirst Insurance in the Bad Faith Litigation, alleging BancFirst Insurance "negligently failed to procure the coverage requested and expected by Plaintiff."

21.     Following a period of extensive discovery and numerous depositions, BancFirst Insurance filed a Motion for Summary Judgment in the Bad Faith Litigation on July 21, 2025.

22.     BancFirst Insurance's Motion for Summary Judgment set forth the undisputed facts and supporting evidentiary materials demonstrating BancFirst Insurance was not negligent in identifying the Bond and Cyber Policy products offered by AmTrust, presenting them to Firstar, and assisting Firstar with binding coverage. More specifically, BancFirst Insurance satisfied its duties as an insurance agent under Oklahoma law and procured the insurance coverage requested by Firstar.

23.     Following BancFirst Insurance's submission of its Motion for Summary Judgment, Firstar dismissed its claim against BancFirst Insurance. The litigation currently remains pending as between Firstar, AmTrust, SNIC, and TIC.

## FIRST CAUSE OF ACTION: DECLARATORY RELIEF

24.     The Agency Agreement between AmTrust and BancFirst Insurance[1] contains

the following Indemnification provisions:

> **VII.   Indemnification**
>
> 7.1    At all times hereafter, Agent shall defend, indemnify, and hold the Company, its affiliates, directors, officers and employees harmless from and against all claims, actions, causes of action, liability, or loss which result from any negligent or willful acts, errors, or omissions of Agent, and/or its employees, representatives, subproducers/agents, brokers or agents in the performance or breach of duties under this Agreement.  A loss shall include, but not be limited to, all damages, costs, expenses, reasonable attorneys' fees, penalties, fines, assessments, and verdicts incurred by the Company.
>
> 7.2    At all times hereafter, the Company shall defend, indemnify, and hold Agent, its affiliates, directors, officers and employees harmless from and against all claims, actions, causes of action, liability, or loss which result from any negligent or willful acts, errors or omissions of the Company, or its employees, representatives, subproducers/agents, brokers or agents in the performance or breach of duties under this Agreement.  A loss shall include, but not be limited to, all damages, costs, expenses, reasonable attorneys' fees, penalties, fines, assessments, and verdicts incurred by Agent.

25.     On September 15, 2025, AmTrust sent a letter to counsel for BancFirst

Insurance asserting BancFirst Insurance is obligated to indemnify AmTrust for all losses to

AmTrust arising from the Bad Faith Litigation. AmTrust sent a second letter to counsel for

BancFirst Insurance on September 30, 2025, reiterating its demand for defense and

indemnification of AmTrust and also demanding that BancFirst Insurance participate in

AmTrust's settlement efforts with Firstar.

26.     BancFirst Insurance did not engage in any negligent or willful acts, errors, or

omissions with respect to the procurement of insurance for Firstar, any other facts

underlying the Bad Faith Litigation, or any contractual duties owed to AmTrust.

---

[1] Under the Agency Agreement, "Company" is a defined term meaning AmTrust, and "Agent" is a defined term meaning BancFirst Insurance.

27.    To the contrary, any and all losses that have been or will be incurred by AmTrust with respect to the Bad Faith Litigation are the direct and sole result of AmTrust's wrongful denial of Firstar's claims under the Bond and Cyber Policy.

28.    Further, BancFirst Insurance has incurred losses, as that term is used in the Agency Agreement, as a direct result of AmTrust's negligent or willful actions or omissions in denying coverage to Firstar under the Bond and Cyber Policy procured by BancFirst Insurance pursuant to the Agency Agreement. Those policies, by their terms, required AmTrust and its affiliates to reimburse Firstar for its losses related to the Incident.

29.    Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, an actual, justiciable controversy exists between BancFirst Insurance and AmTrust.

30.     BancFirst Insurance is entitled to a declaratory judgment that it has no obligation to indemnify AmTrust for any losses AmTrust has incurred or will incur arising from or related to BancFirst Insurance's procurement of the Bond or Cyber Policy, AmTrust's denial of coverage related to the Incident, Firstar's claims against AmTrust related to the Incident, and any other losses in any way related to or arising out of the Bad Faith Litigation or the facts underlying the same.

31.    BancFirst Insurance is further entitled to a declaratory judgment that, pursuant to the express terms of the Agency Agreement, BancFirst Insurance is entitled to indemnification by AmTrust for all losses it has incurred or will incur arising out of or related to the Bad Faith Litigation and the facts underlying the same, including but not limited to all costs and attorneys' fees and costs incurred in defending the Bad Faith Litigation.

WHEREFORE, Plaintiff BancFirst Insurance Services, Inc. respectfully requests the Court enter a judgment declaring:

1. BancFirst Insurance has no obligation to indemnify AmTrust for any losses AmTrust has incurred or will incur arising from or related to BancFirst Insurance's procurement of Firstar's 2023 Bond or Cyber Policy, AmTrust's denial of coverage related to the Incident, Firstar's claims against AmTrust related to the Incident, and any other losses in any way related to or arising out of the Bad Faith Litigation and the facts underlying the same; and

2. BancFirst Insurance is entitled to indemnification by AmTrust for all losses BancFirst Insurance has incurred or will incur arising out of or related to the Bad Faith Litigation and the facts underlying the same, including but not limited to all costs and attorneys' fees and costs incurred in defending the Bad Faith Litigation.

BancFirst Insurance further requests an award of its reasonable attorneys' fees in this action, interest to the extent permitted by law, and all other relief to which BancFirst Insurance may be entitled.

Respectfully submitted,

*/s/ Hilary H. Clifton*
Fred A. Leibrock, OBA No. 14146
Cody J. Cooper, OBA No. 31025
Hilary H. Clifton, OBA No. 32805
PHILLIPS MURRAH P.C.
424 N.W 10th St., Suite 300
Oklahoma City, OK 73103
Telephone:  (405) 235-4100
Facsimile:   (405) 235-4133
faleibrock@phillipsmurrah.com
cjcooper@phillipsmurrah.com
hhclifton@phillipsmurrah.com
**Attorneys for Plaintiff, BancFirst Insurance Services, Inc.**